[Crim. No. 13737.    Second Dist., Div. Four.    Dec. 28, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. LEROY CROWDER, Defendant and Appellant.

Frank G. King, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Phillip G. Samovar, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—Defendant was convicted by the court of selling the barbituric acid derivative, secobarbital, also known as tuinal, in violation of Health and Safety Code, section 11912. He appeals from the judgment.[1]

On the morning of May 4, 1966, two undercover police officers parked their car adjacent to 522 East 59th Place. They inquired about purchasing narcotics. Defendant came over to the car. One of the officers asked defendant for five rolls of reds (seconal). Defendant told them he had no reds; that all he had was tuinal. The officer said he would take three rolls. Defendant then walked off. He returned about five minutes later and handed one of the officers three small foil-wrapped packages. Defendant was paid and the officers drove away. Inside the packages were red and blue capsules. The packages were initialed and booked at the property division of the police department. The contents of the capsules were chemically tested and found to be secobarbital. They were received in evidence without objection.

Defendant was arrested on July 12, 1966.

In his testimony defendant denied any involvement. He indicated the first contact he had with the officers was when they arrested him on July 12th.

Contrary to defendant's assertion, the evidence is sufficient to uphold his conviction. Devoid of merit is the argument that the prosecution did not establish that the pills the officers purchased were the same pills which were introduced at the trial. The testimony of the officers provided ample foundation for the introduction of this evidence.

---

[1] Defendant's notice of appeal recites that the appeal is from the judgment and from the order denying his motion for new trial. The attempted appeal from the order must be dismissed since the order is nonappealable. (Pen. Code, § 1237, subd. 1.)

■ [See fn. 2.] Defendant suggests the record fails to contain the required written stipulation permitting a judge pro tempore to preside at the preliminary hearing.[2] The superior court file does contain such a stipulation. The record on appeal is augmented to include a certified copy of that stipulation.

■ The argument is made by defendant that the more than two-month delay in arresting him was a violation of his constitutional rights. The testimony of the officers indicates the delay was occasioned because the officers were making "buys" from other "street hustlers." The record contains no showing that defendant was prejudiced by the delayed arrest. Under such circumstances his rights were not violated. (*People* v. *Gilmore,* 239 Cal.App.2d 125, 129 [48 Cal.Rptr. 449].)

■ Lastly, defendant contends he did not have adequate representation in the court below. To support this position, he points to the fact his trial counsel did not make a timely motion for new trial. After defendant was sentenced, his counsel, a deputy public defender, indicated he wished to make a late motion for new trial. The court permitted the motion (which was made "on all statutory grounds" and submitted without argument), and then denied it. At the trial, the prosecution witnesses were vigorously and thoroughly cross-examined and some discrepancies in their testimony were elicited. There were no grounds for a new trial. No com-

---

[2] At the time of the preliminary hearing (July 20, 1966) article VI, section 5 of the California Constitution provided: "Upon stipulation of the parties litigant or their attorneys of record a cause in the superior court or in a municipal court may be tried by a judge pro tempore who must be a member of the bar sworn to try the cause, and who shall be empowered to act in such capacity in the cause tried before him until the final determination thereof. The selection of such judge pro tempore shall be subject to the approval and order of the court in which said cause is pending and shall also be subject to such regulations and orders as may be prescribed by the Judicial Council." (This provision has since been superseded by article VI, section 21, adopted Nov. 8, 1966.)

Rule 532, California Rules of Court provides: "The stipulation of parties litigant that a case may be tried by a judge pro tempore shall be in writing and shall set out in full the name and office address of the member of the State Bar agreed upon to act as judge pro tempore, and shall be submitted to the presiding judge, or to the judge in whose department the case is pending in courts which do not have a presiding judge."

Although the stipulation in this case bears the written approval of a judge other than the elected presiding judge of the municipal court, we know of nothing in the rules adopted by the Judicial Council which prohibits the presiding judge from delegating his authority to approve such a stipulation and, absent anything to the contrary in the record, we must presume that he has done so in this instance. (Code Civ. Proc., § 1963, subds. 15 and 16; *Estate of Kent,* 6 Cal.2d 154 [57 P.2d 901].)

plaint was made by defendant in the trial court about his representation. No reason is shown for any complaint. The record shows he was well represented.

The judgment is affirmed.

Files, P. J., and Kingsley, J., concurred.